UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v

RAOGO OUEDRAOGO,

    Defendant.
_____/

Case No. 1:08-cr-68

HON. JANET T. NEFF

## **OPINION**

Pending before the Court is Defendant Ouedraogo's Motion to Revoke Order of Detention (Dkt 14).[1] Defendant Ouedraogo filed the instant motion following his arrest on July 16, 2009 and a second order of detention by the chief magistrate judge for the District Court for the Eastern District of Pennsylvania on new charges of conspiracy to commit interstate murder-for-hire, 18 U.S.C. § 1958, and kidnapping resulting in death, 18 U.S.C. § 1201(a), both of which are capital offenses.[2]

---

[1] Defense counsel filed the instant motion in the magistrate case, 1:09-mj-644; thus, the docket numbers of the instant motion filings relate to that case and are so noted. Otherwise, the docket numbers refer to the pending criminal case, 1:08-cr-68. The dockets for these cases have since been consolidated.

[2] The Second Superseding Indictment charged defendant and codefendant Rami Ikbal Saba with conspiracy to commit financial institution fraud, 18 U.S.C. § 1349, § 1344(2), and § 20; with four counts of attempted financial institution fraud, 18 U.S.C. § 1344(2), § 20, and § 2; and with four counts of aggravated identity theft (with Donald L. Dietz as the named victim), 18 U.S.C. § 1028A, § 1028(d)(7)(A), and § 2. The Third Superseding Indictment added three new counts: conspiracy to commit interstate murder-for-hire, 18 U.S.C. § 1958(a); conspiracy to commit kidnapping, 18 U.S.C. § 1201(c); and kidnapping resulting in death, 18 U.S.C. § 1201(a)(1) and § 2.

On March 27, 2009, this Court held a hearing on defendant's prior motion to revoke detention following his initial arrest and order of detention by a magistrate judge for the District Court for the Eastern District of Pennsylvania. This Court granted defendant's prior motion and released him on a $500,000 unsecured appearance bond subject to specified conditions (Dkt 107). Defendant now moves for his immediate release, again on an unsecured appearance bond or subject to the conditions the Court set in his previous bond and order of release.

In response to the instant motion, the Government filed an "Initial Response" (Dkt 21, 1:09-mj-644) objecting, as with defendant's earlier motion to revoke, that the motion sought relief from a magistrate judge for the Western District of Michigan, which is improper under 18 U.S.C. § 3145(b). Defendant filed a Reply (Dkt 22, 1:09-mj-644), stating that he did not object to the Government's position that the detention order should be reviewed by the district judge rather than a magistrate judge. Accordingly, the motion was brought before this Court, which set a hearing on the motion for September 16, 2009. After the hearing was noticed, the Government filed a Supplemental Response addressing the substantive issues in the motion (Dkt 28, 1:09-mj-644). Immediately before the hearing, Defendant filed a Reply (Dkt 37) to the Government's Supplemental Response.

The Court heard argument on the motion at a hearing on September 16, 2009. The Court took the motion under advisement pending a decision by the Grand Jury whether to indict defendant on the new charges. On September 24, 2009, the Grand Jury returned a Third Superseding Indictment as to defendant and co-defendant Rami Ikbal Saba. Having considered the parties' written submissions and their argument on the Motion to Revoke Order of Detention, and defendant now having been indicted on additional charges of conspiracy to commit murder-for-hire, 18 U.S.C.

§ 1958, and kidnapping resulting in death, 18 U.S.C. § 1201(a), the Court denies Defendant Ouedraogo's motion.

*Discussion*

Defendant has moved pursuant to 18 U.S.C. § 3145(b) to revoke the order of detention entered in the Eastern District of Pennsylvania on July 27, 2009 (Dkt 7-7, 1:09-mj-644).[3] Section 3145 generally provides for the review and appeal of a release or detention order. Subsection § 3145(b) provides:

> **Review of a detention order.**--If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

The parties do not dispute that under § 3145(b), the Court has authority to review the detention order issued in the Eastern District of Pennsylvania. The appropriate standard of review is *de novo*.[4] *See United States v. Williams,* 948 F. Supp. 692, 693 (E.D. Mich. 1996) (cited by defendant). Further, the parties agree that the Court may receive additional proffers or documents, or conduct evidentiary hearings.

The release or detention of a defendant pending trial is governed by 18 U.S.C. § 3142. *See Williams,* 948 F. Supp. at 693. The statute requires that the court "shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an

---

[3] This Court received an order of removal but does not have the benefit of specific findings or the hearing transcript from the Eastern District of Pennsylvania (Case. No. 2:09-mj-1148).

[4] In his motion brief, defendant asserted that he was subject to a rebuttable presumption against his release under 18 U.S.C. § 3142(e); however, he later corrected this assertion and it is undisputed that the presumption is inapplicable in this case.

3

amount specified by the court" unless the court "determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If the court determines that release on personal recognizance is inappropriate, the court shall nonetheless release the defendant subject to the least restrictive conditions or combination of conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community … ." 18 U.S.C. § 3142(c)(1)(B).

The general factors under 18 U.S.C. § 3142(g) that the Court should consider in determining whether to detain a defendant are: (1) the nature and circumstances of the charged offenses, (2) the weight of evidence, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. Factor (3) involves consideration of available information concerning (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release.

The considerations for the instant motion are much the same as for the previous hearing on defendant's detention with the obvious exception that defendants Saba and Ouedraogo now face the two additional capital offenses charged in the July 17, 2009 Complaint: (1) conspiracy to commit interstate murder-for-hire, 18 U.S.C. § 1958, and (2) kidnapping resulting in death, 18 U.S.C. § 1201(a). The Court has the benefit of the prior March 27, 2009 evidentiary hearing in this case, as well as counsel's presentations concerning relevant evidence and circumstances that have transpired since that time.

The Court must consider "whether any condition or combination of conditions … will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Further, detention based on danger to the community must be supported by clear and convincing evidence. *Id.* At a detention hearing, "[t]he facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community *shall be supported by clear and convincing evidence*." *Id.*

The Government contends that defendant poses a danger to the community considering the current charges of conspiracy to commit interstate murder-for-hire, 18 U.S.C. § 1958, and kidnapping resulting in death, 18 U.S.C. § 1201(a), both of which are classified as crimes of violence under the Bail Reform Act. *See* 18 U.S.C. § 3156(a)(4). The Government asserts that the allegations in this case outline a scheme to kidnap and murder a vulnerable recluse for the sole purpose of stealing his money and identity and that anyone capable of such acts poses a significant danger to others in the community under 18 U.S.C. § 3142(b). (Gov. Suppl. Resp. 7).

The Court does view the additional charges in this case as having a significant bearing on the determination whether defendant endangers the safety of any other person or the community under 18 U.S.C. § 3142(b). In this regard, two factors under § 3142(g) weigh heavily in favor of detention: (1) the nature and circumstances of the charged offenses, and (2) the weight of the evidence. The case before the Court has changed from a financial fraud case in which, by all accounts, defendant had only fringe involvement, to a murder case in which defendant is now alleged to have been directly involved. Although the factual details of defendant's involvement in the alleged crimes and of the crimes themselves is limited, there is clear and convincing evidence

5

that defendant's complicity in the acts alleged has implications for the safety of the general community. The Court is therefore inclined to agree with the Government's conclusion that defendant should be detained on the ground that he poses a significant danger to others in the community.

Even more persuasive, however, is the argument that defendant should be detained because there is a serious risk of flight. Unlike before, defendant now faces the death penalty for the charged offenses. In contrast to the risk associated with the financial crimes, a maximum of thirty years imprisonment, defendant now potentially faces the death penalty for two recently added charges, and at a minimum, is subject to life imprisonment without the possibility of parole. Defendant has a much greater incentive to flee. As noted by the Government, other courts have similarly recognized that a defendant facing the death penalty or, alternatively, life imprisonment has a greater incentive to flee. *See United States v. Rodriguez-Adorno*, 606 F. Supp. 2d 232, 236, 240 (D. P.R. 2009) ("Facing the death penalty could surely create a motive to flee."); *United States v. Nichols*, 897 F. Supp. 542, 547 (W.D. Okla. 1995), *aff'd* 1995 WL 430191 (10th Cir. July 21, 1995) ("The prospect of a lengthy prison term, life imprisonment or the death penalty provides Defendant with a great incentive to flee."). This is particularly so when coupled with other indicators of a propensity to flee. *United States v. Eischeid,* 315 F. Supp. 2d 1033, 1037 (D. Ariz. 2003). Thus, the nature and circumstances of the charged offenses, § 3142(g)(1), have changed significantly and weigh in favor of detention.

Second, the weight of evidence similarly weighs more in favor of detention than previously. In granting defendant's prior motion to revoke detention, the Court found that the evidence against defendant with regard to the financial crimes was not so substantial that it was likely to be an

inducement to flee (Dkt 109, 3/27/09 Tr 111-12). However, the evidence more directly links defendant to the new charges unlike the financial crimes.

Finally, taking into consideration defendant's history and characteristics, § 3142(g)(3), particularly his family ties, employment, financial resources, length of residence in the community, and community ties, the Court concludes that this factor also weighs in favor of detention. Defendant and his wife are both foreign nationals from the country of Burkina Faso in West Africa. Their extended families still live in Burkina Faso; they have little or no family ties in the United States. Defendant's youngest daughter was born in the United States and is a U.S. citizen, but his step daughter is not a U.S. citizen. (Def. Mot. Br. 7; Gov. Suppl. Resp. 8).

Defendant has lived in the United States since 2001. He is well-educated and was employed for some time at a university near Philadelphia. However, defendant is currently unemployed. He has little or no financial resources and is burdened with significant debt. Defendant has a home in Philadelphia, where he lived at the time of his arrest, but he has no equity in the home. Defendant and his wife have no known assets of value in this country. (Def. Mot. Br. 7-8; Gov. Suppl. Resp. 8). Defendant's wife is currently employed by PNC Bank in Philadelphia and has served for the past three years as a director of a non-profit, but there is no indication that either defendant or his wife have long-term or significant ties in their community or the United States generally. (Def. Mot. Br. 7; Gov. Suppl. Resp. 8).

Defendant points out that he has a commendable record of appearing for court proceedings since the inception of this case and has fully complied with conditions of his prior release, demonstrating that he is not a flight risk. However, this evidence must be considered in the context of the case history and the criminal charges or lack thereof (while this case was merely under

7

investigation). The case context has changed in light of the new charges and the potential for the death penalty. The Court otherwise finds no countervailing history or characteristics that justify defendant's release.

Detention on the basis of risk of flight must be supported by a preponderance of the evidence. *United States v. Hazime,* 762 F.2d 34, 37 (6th Cir. 1985); *see also* 8A AM. JUR. 2D *Bail & Recognizance* § 69 (2009 update). Considering the overall circumstances under the factors set forth in § 3142(g), the Government has shown by a preponderance of the evidence that no condition or combination of conditions will reasonably assure defendant's appearance as required. *See* 18 U.S.C. § 3142(b). Therefore, Defendant Ouedraogo's Motion to Revoke Order of Detention (Dkt 14, 1:09-mj-644) is denied.

Because defendant is now detained, Additional Condition No. 24 in his Appearance Bond and Order, which required that the passports of his wife and children be surrendered to Pretrial Services of Probation of the Eastern District of Pennsylvania, is no longer necessary (Dkt 107, p. 4). The passports shall be returned to the appropriate parties forthwith.

An Order consistent with this Opinion will be entered.

Date: October 8, 2009.    /s/ Janet T. Neff
　　　　　　　　　　　　　　　JANET T. NEFF
　　　　　　　　　　　　　　　United States District Judge